UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCOLN G. LATHAM, JR., <br><br> Plaintiff, <br> v. <br><br> FRANK FLYNN, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    Civil No. 24-cv-12195-ADB <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

For the reasons set forth below, Plaintiff's motions for document production and scheduling order are DENIED. If Plaintiff wishes to proceed with this action, the Court grants him time to (1) either pay the $405 filing fee or file a motion for leave to proceed *in forma pauperis* and (2) file an amended complaint that asserts a basis for this Court's subject matter jurisdiction and states a plausible claim for relief.

**I.  BACKGROUND**

On August 26, 2024, Lincoln G. Latham, Jr. ("Latham") of Randolph, Massachusetts, filed a *pro se* complaint against an affordable housing company and seven individuals including a property manager, a regional property supervisor and an attorney that represents the defendants. Dkt. No. 1. Latham subsequently filed motions for document production and for scheduling order. Dkt. Nos. 3, 6. Defendants filed an opposition to Latham's motion for document production. Dkt. No. 5.

As best can be gleaned from the complaint, Latham attended a reentry fair on May 4, 2024, in anticipation of his release from the Old Colony Correctional Center. [Dkt. No. 1 at ¶ 2].

At the fair, Jenna Williams, the Director of Treatment, directed Latham to network for the "purpose of obtaining a phone, housing assistance, job placement, financial provisions [upon release]." Id.  On May 28, 2024, Latham applied for residence at 152 Bittersweet Lane in Randolph. Id.  Latham alleges that defendant Bridle Path & Poah Community "obstructed [Latham's] application for residency." Id.

Upon release from the Old Colony Correctional Center, Latham moved into his father's apartment at 152 Bittersweet Lane.  See Compl.  Latham alleges that attorney Flynn informed Latham that his "application was rejected on 7/12/2024" and that he was hired by Bridle Path & Poah Community on August 22, 2024, for the purpose of issuing "a Notice to Quit & Notice of Termination of a Tenant Resident." Id. at ¶ 3.  Latham asserts that he has a right to reside as a guest in his father's apartment and seeks to have this Court issue an "order commanding Bridle Path & Poah Community to Cease & Desist from terminating [Latham's] family residency as tenant." Id. at ¶ 11.

Latham filed motions for document production and a scheduling order.  Dkt. Nos. 3, 6.  The defendants filed an opposition to Latham's motion for document production.  Dkt. No. 5.

## II.     PAYMENT OF FILING FEE

Litigants bringing a non-habeas civil action must either (1) pay the $350 filing fee and the $55 administrative fee, see 28 U.S.C. § 1914(a) ; or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  Litigants seeking to proceed *in forma pauperis* must submit an affidavit that includes a statement of all plaintiff's assets.  See 28 U.S.C. § 1915(a)(1).  The affidavit requirement is satisfied as long as it contains the phrase "under penalty of perjury" and states that the document is true.  See 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury); see also Rowland v. California

2

Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993) (discussing function of affidavit requirement).

Here, Latham has not submitted an affidavit and has not provided the necessary information. If he wishes to proceed with this action, he must either (1) pay the $405 filing and administrative fees or (2) file an Application to Proceed in District Court Without Prepaying Fees or Costs.

III.   **PRELIMINARY SCREENING**

When a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Even so, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case.").

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "The existence of subject-matter jurisdiction 'is never presumed,'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)), and federal courts "have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." Esquilín-Mendoza v. Don King Prods., Inc., 638 F.3d 1, 3 (1st Cir. 2011). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013)

(quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

The Court's subject matter jurisdiction "must be apparent from the face of the plaintiffs' pleading." Viqueira, 140 F.3d at 16. The Court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." Donahue v. Boston, 304 F.3d 110, 117 (1st Cir. 2002) (citation omitted). A "plaintiff cannot rest a jurisdictional basis merely on unsupported conclusions or interpretations of law." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (internal quotation marks and citation omitted). "'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 17 (1st Cir. 2013) (citation omitted).

Congress has given the federal courts jurisdiction over cases where the cause of action arises under federal law or the court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). For diversity jurisdiction, the parties must have "complete diversity of citizenship as between all plaintiffs and all defendants." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). That is to say, "diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 54 (1st Cir. 2009).

## IV. DISCUSSION

Here, the complaint does not invoke the Court's diversity subject matter jurisdiction and because the defendants appear to be Massachusetts citizens, diversity subject matter jurisdiction does not exist. Latham, in alleging the violation of his rights under the Fifth Amendment, invokes the Court's federal question jurisdiction. However, the complaint fails to state a federal claim.

Latham's contention that his Fifth Amendment rights were violated suggests that he may seek to assert a claim under the federal civil rights statute, 42 U.S.C. § 1983. Speaking broadly, § 1983 provides a remedy for the violation of federal right by a person acting under the color of state law. Here, Latham identifies a constitutional amendment which he believes the defendants have violated, but provides little factual detail as to how his rights were infringed.

When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. Iqbal, 556 U.S. at 678.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Twombly, 550 U.S. at 555. "The fundamental purpose" of pleading rules like Rule 8 "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008). Rule 8's requirement of a "short and plain statement" protects defendants and courts from the "unjustified burden" of parsing and responding to unnecessarily lengthy pleadings. Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57-58 (D. Mass. 2015) (quotation marks omitted).

Rules 8(d) and 10(b) impose additional requirements intended to further advance the fundamental purposes of giving defendants fair notice of the claims asserted against them and permitting them to formulate cogent answers and defenses to those claims. Specifically, Rule 8(d) requires "simple, concise, and direct" allegations, while Rule 10(b) mandates that claims be conveyed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

To the extent Latham wishes to proceed, he will be granted additional time to file an amended complaint, otherwise the action will be dismissed. The amended complaint –- a new stand-alone document –- must set forth a basis for this Court's jurisdiction as well as a plausible claim upon which relief may be granted. In preparing the amended complaint, Latham should, in sequentially numbered paragraphs, focus on each legal claim along with the basis for such claim. If an amended complaint is filed, it will be further screened.

## V. CONCLUSION

Accordingly:

1. The motions for document production and scheduling order are <u>DENIED WITHOUT PREJUDICE</u>.

2. Although it is unclear whether Latham can remedy the jurisdictional and pleading deficiencies of this action, if he nonetheless wishes to proceed, he must on or before October 4, 2024, (1) either pay the $405 filing fee or file a motion for leave to proceed *in forma pauperis* and (2) file an amended complaint that asserts a basis for this Court's subject matter jurisdiction and states a plausible claim for relief.

3.      Failure to comply with these directives within 21 days of the date of this Memorandum and Order will result in dismissal of this action.

**SO ORDERED.**

September 13, 2024                                               /s/ Allison D. Burroughs
                                                                ALLISON D. BURROUGHS
                                                                 U.S. DISTRICT JUDGE