UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LINCOLN G. LATHAM, JR.,<br><br>    Plaintiff,<br>v.<br><br>FRANK FLYNN, et al.,<br><br>    Defendants. | Civil No. 24-cv-12195-ADB |

**<u>ORDER</u>**

BURROUGHS, D.J.

    Lincoln G. Latham, Jr., a resident of Randolph, Massachusetts, initiated this action by filing a *pro se* complaint against an affordable housing company and seven individuals including a property manager, a regional property supervisor and an attorney that represents the defendants.  Dkt. No. 1.  By Memorandum and Order dated September 13, 2024,  Latham was advised that if he wishes to proceed with this action, he must (1) either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs; and (2) file an amended complaint that provides a basis for subject-matter jurisdiction and states a plausible claim upon which relief can be granted.  Dkt. No. 7.   Among other things, Latham was advised that his complaint fails to state a federal claim.  <u>Id.</u>  Although summons have not issued, several defendants moved to dismiss the complaint for lack of subject matter jurisdiction.  Dkt. No. 9.

    Latham subsequently filed an Application to Proceed without Prepayment of Fees, Dkt. No. 13-1, which was allowed on September 27, 2024.  Dkt. No. 22.  At that time, Latham was granted an extension of time to file an opposition to defendants' motion to dismiss and was reminded of the October 4, 2024 deadline for filing an amended complaint.  <u>Id.</u>  By Electronic

Order dated October 3, 2024, several of plaintiff's then pending motions were denied.  Dkt. No. 28.

Now before the Court are several additional motions, see Dkt. Nos. 31 – 35, and plaintiff's timely-filed amended complaint.  Dkt. No. 30.  In the amended complaint, Latham references 12 U.S.C. § 1701z, and alleges that the defendants, in seeking his eviction, violated a federal home buying program that encourages "the use of new technologies in providing decent, safe, sanitary housing for lower income families."  Dkt. No. 30 at 1.

Here, the amended complaint fails to state a federal claim.  The National Housing Act, the statute cited in the amended complaint, 12 U.S.C. § 1701z, does not permit a private cause of action. .  See e.g. Falzarano v. United States, 607 F.2d 506, 509-511 (1st Cir. 1979) (discussing the National Housing Act and finding "[t]he statute does not grant a private right of action.").  Because the amended complaint fails to show a basis for this Court's subject matter jurisdiction, the case must be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

Accordingly: for the reasons stated in the Court's September 13, 2024 Memorandum and Order, and because the amended complaint fails to demonstrate a basis for this Court's subject matter jurisdiction, this action is DISMISSED pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.  The Clerk shall terminate the pending motions and enter a separate order of dismissal.

**SO ORDERED.**

October 10, 2024                                           /s/ Allison D. Burroughs
                                                                        ALLISON D. BURROUGHS
                                                                         U.S. DISTRICT JUDGE